# In the United States Court of Federal Claims

No. 20-53C
(Filed: March 11, 2020)

```
*************************************
                                    *
ANTOINETTE HOLLOWAY,                *
BOSS HOLLOWAY, and,                 *
PURITY HOLLOWAY,                    *
                                    *
            Plaintiffs,             *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

## DISMISSAL ORDER

On January 15, 2020, *pro se* Plaintiffs, Antoinette Holloway, Boss Holloway, and Purity Holloway, filed a Complaint with this Court.[1] Although hard to decipher, from what the Court can discern, the Complaint alleges violations of the United States Constitution, Federal statutes, and Federal regulations, and lists various causes of action, arising from an incident involving the City of Atlanta and an incident involving the Fulton County police, and from the reporting of these incidents to various persons, including to an FBI agent. The Complaint requests damages in the amount of $100,000,000 for pain and suffering caused by the alleged violations.

After careful review of the Complaint, the Court finds that it lacks subject-matter jurisdiction over all possible claims asserted therein. Accordingly, the Court dismisses the Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

## DISCUSSION

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted

---

[1] On January 15, 2020, Plaintiffs filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For purposes of this opinion, the Court grants Plaintiffs' IFP application.

by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Subject-matter jurisdiction may be challenged at any time by the parties, or as is the case here, by the Court *sua sponte*. *Booth v. United States*, 990 F.2d 617, 620 (Fed. Cir. 1993). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." RCFC 12(h)(3).

This Court's jurisdiction is generally limited to suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). A plaintiff must identify a "money-mandating" source of law to support a claim for money damages. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If the claim is not based on a "money-mandating" source of law, then it lies beyond the jurisdiction of this Court. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

To the extent that Plaintiffs seek damages for pain and suffering caused by certain government employees and officials, Plaintiffs' case against the United States sounds in tort. Consequently, the Court lacks jurisdiction to hear Plaintiffs' claims in this regard. *See* 28 U.S.C. § 1491(a)(1); *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997).

Plaintiffs' Complaint identifies various provisions of the United States Constitution that have been violated, including the Supremacy Clause, First Amendment, Second Amendment, Fourth Amendment, Sixth Amendment, Seventh Amendment, Eighth Amendment, Ninth Amendment, Thirteenth Amendment, and Fourteenth Amendment. *See* Compl., Ex. 1 at 24. These provisions are not money-mandating sources of law for purposes of Tucker Act jurisdiction. *See, e.g., Brown*, 105 F.3d at 623-24 ("Fourth Amendment does not mandate the payment of money for its violation."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("[T]he due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies...."); *United States v. Connolly*, 716 F.2d 882 (Fed. Cir. 1983) (First Amendment, standing alone, does not mandate payment of money by the government); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (no jurisdiction based on the Due Process Clauses of the Fifth and Fourteenth Amendments or the Equal Protection Clause of the Fourteenth Amendment). Thus, to the extent that Plaintiffs allege claims founded upon these provisions of the United States Constitution, such claims are dismissed for lack of subject-matter jurisdiction.

The Court has jurisdiction over claims founded upon the Takings Clause of the Fifth Amendment. *Jan's Helicopter*, 525 at 1309. However, Plaintiffs' Complaint fails to allege a colorable takings claim. Additionally, this Court does not have subject-matter jurisdiction over claims that are frivolous or that are so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy. *See Moden v. United States*, 404 F.3d 1335 (Fed. Cir. 2005). Here, Plaintiffs allege that the Fifth Amendment

to the Constitution was violated. Compl., Ex. 1 at 24. Plaintiffs allege that the City of Atlanta refused to report Plaintiffs' tow truck as stolen resulting in Plaintiffs' loss of the tow truck, business income, savings, and Plaintiffs' house, and that Plaintiffs' property was unlawfully seized when Antoinette Holloway was allegedly "handcuffed and dragged" to Fulton County jail in May 2019. Plaintiffs also allege that Georgia Power entered onto Plaintiffs' property to disconnect service to Plaintiffs' home and allege the loss of property pursuant to state law.

However, any claim arising from such allegations would be against the State of Georgia, City of Atlanta, Fulton County, or Georgia Power, among other actors, not the United States. Additionally, to the extent that Plaintiffs assert a claim founded upon the Takings Clause of the Fifth Amendment to the United States Constitution, such a claim is so insubstantial or otherwise completely devoid of merit as not to involve a Federal controversy and it is, therefore, properly dismissed by the Court for lack of subject-matter jurisdiction.

This Court has jurisdiction over claims founded upon any Act of Congress or any regulation of an executive department that are "money-mandating." Here, Plaintiffs' Complaint cites 42 U.S.C. §§ 1983, 1985, and 1986, 18 U.S.C. §§ 201, 241, 242, 2382, 3771, 5 U.S.C. § 706, and 5 C.F.R. § 2635.101. None of these sources of law are money-mandating. *See, e.g., Joshua v. United States*, 17 F.3d 378 (Fed. Cir.1994) (explaining that this Court has no jurisdiction to adjudicate any claims whatsoever under Title 18, the federal criminal code); *Shelden v. United States*, 742 Fed.Appx. 496 (Fed. Cir. 2018) ("CFC does not have jurisdiction to hear claims for civil rights violations under 42 U.S.C. § 1985); *Johnson v. United States*, 144 Fed. Cl. 578 (2019) (district courts have exclusive jurisdiction over § 1983 suits).

Additionally, this Court has jurisdiction claims over claims founded upon a contract, express or implied, with the United States. Plaintiffs' Complaint lists various causes of action, including, among others, breach of contract. *See* Compl. at 4-5. In support, Plaintiffs allege that "[t]he state of Georgia, Fulton county, Fulton county jail, City of Atlanta electives, City of Atlanta police department, all appointed by the united states, took an oath, made a contract with [Plaintiffs] to abide by the laws of the United States Constitution and Georgia Constitution violated, failed, treason." Compl. at 10. Thus, to the extent that Plaintiffs allege breach of an implied contract with the State of Georgia, based on the oath of office administered to government officials and employees, this Court does not have jurisdiction. The Court's Tucker Act jurisdiction does not extend to contracts, express or implied, with other parties. Accordingly, Plaintiffs' claims based on the oath of office administered, to the extent founded upon a breach of contract theory, are dismissed for lack of subject-matter jurisdiction.

This Court also has jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. To invoke this Court's jurisdiction under 28 U.S.C. § 1495, a plaintiff must satisfy the requirements of 28 U.S.C. § 2513. Among other things, 28 U.S.C. § 2513 requires a plaintiff to allege that his or her conviction has been reversed or set aside upon grounds of actual innocence, that he or she has been found not guilty during a new trial, or that he or she has been pardoned on the grounds of actual innocence, and that he or she did not commit the acts for which he has been charged. 28 U.S.C. § 2513(a).

The Complaint alleges that while in county prison Antoinette Holloway was charged with Criminal Trespass[2] and convicted of various crimes. The Complaint does not allege that Antoinette Holloway was convicted of a crime against the United States and imprisoned. Further, Plaintiffs' Complaint fails to allege that any such conviction has been reversed or set aside upon grounds of actual innocence, that she has been found not guilty during a new trial, or that she has been pardoned on the grounds of actual innocence as required by 28 U.S.C. § 2513(a). Accordingly, notwithstanding the nature of case designation, Plaintiffs' Complaint does not allege facts invoking this Court's jurisdiction pursuant 28 U.S.C. § 1495.

## CONCLUSION

For the reasons set forth above, the Court hereby **DISMISSES** the Complaint. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_Patricia E. Campbell-Smith_
PATRICIA E. CAMPBELL-SMITH
Judge
On behalf of
EDWARD J. DAMICH
Senior Judge

---

[2] In support of their Complaint, Plaintiffs provided "accusation no. 19CR00494213" filed in the State Court of Fulton County, State of Georgia. Based on this document and the other factual allegations of the Complaint, it appears Antoinette Holloway was charged and accused with the offense of Criminal Trespass, a misdemeanor, for refusing to leave the Fulton County Jail after receiving notice to depart, in violation of O.C.G.A § 16-7-21, contrary to the laws of the State of Georgia.

4